IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONDERAI SAKUPWANYA, #44482-177, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:15-CV-3889-N-BK |
| | § | (3:13-CR-039-N-01) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge.  Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255.  For the reasons that follow, it is recommended that the section 2255 motion be summarily dismissed.

**I. BACKGROUND**

Petitioner pled guilty pursuant to a plea agreement under FED. R. CRIM. P. 11(c)(1)(C) to theft of public funds, was sentenced to 65 months' imprisonment and a five-year term of supervised release, and was ordered to pay $2,648,334.23 in restitution.  *United States v. Sakupwanya*, 3:13-CR-030-N-01 (N.D. Tex. ar. Jan. 9, 2015).  He did not appeal.  In the sole ground alleged in this timely section 2255 motion, Petitioner asserts a violation of FED. R. CRIM. P. 11(c)(5)(B).  Doc. 2 at 4; Doc. 5 at 4.

**II. ANALYSIS**

This section 2255 motion is subject to summary dismissal.  "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving

party." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

In the section 2255 motion, Petitioner only asserts the following:

DISTRICT COURT VIOLATED FED.R.CRIM.P. 11(c)(1)(C).

THE DISTRICT COURT CONSTRUCTIVELY REJECTED DEFENDANTS PLEA AGREEMENT WITH THE GOVERNMENT AS A WHOLE BY REJECTING SENTENCING STIPULATION AGREED BY PARTIES. THUS PLEA AGREEMENT WAS ACCEPTED OR REJECTED ON PIECEMEAL BASIS IN CONTRAVENTION OF WELL SETTLED FIFTH CIRCUIT PRECEDENCE. FURTHERMORE THE COURT FAILED TO PROPERLY INFORM DEFENDANT THAT ENTIRE AGREEMENT WAS BEING REJECTED BY REIMPOSING ALL OF TERMS OF AGREEMENT EXCEPT THE SENTENCE RECOMMENDATION.

Doc. 2 at 4.

The record belies Petitioner's assertions. The Rule 11(c)(1)(C) plea agreement provided that (1) the sentence determined by the Court should be adjusted downward to reflect the time Petitioner had already served on the sentence in related Case No. 3:12-CR-137-L, and (2) the sentence should be served concurrently with the undischarged term of imprisonment remaining in a related case. Crim. Doc. 61 at 3, ¶ 5; *see also* Presentence Report (PSR), Crim. Doc. 80-1 at 6, 24, ¶¶ 10 and 102; Addendum to PSR, Crim. Doc. 93-1 at 1-3; Statement of Reasons, Crim.

Doc. 101 at 4.  At sentencing, after determining that 87 months' imprisonment was an appropriate sentence, the Court reduced the sentence by an additional 22 months to account for the time Petitioner had served in custody in Case No. 3:12-CR-137-L, but that would not be credited by the Bureau of Prisons (between March 18, 2013, and January 14, 2015).  *See* Statement of Reasons, Crim. Doc. 101 at 4.  The Court intended "for the sentences calculated under Case Nos. 3:12-CR-137-L (01) and 3:13-CR-039-(01) to result in an aggregate sentence of 87 months," and "for the remainder of the federal sentence under Case No. 3:13-CR-039-N (01) to run concurrently with the federal sentence imposed in Case No. 3:12-CR-137-L (01)."  *See* Statement of Reasons, Crim. Doc. 101 at 4.  Furthermore, the judgment specifically provided that the sentence in No. 3:13-CR-039-N would "run concurrently to the sentence imposed in Case No. 3:12-CR-137-L."  Crim. Doc. 100 at 2.

    Petitioner's assertion in the brief in support that the Court "did not comply with the sentencing terms agreed to by the parties as required under FED. R. CRIM. P. 11(c)" is conclusory. Doc. 5 at 4.  While Petitioner contends "[t]he parties agreed to specific terms regarding the sentence pursuant to 11(c)(1)(C) (See PSR ¶ 10)," he fails to identify which, if any, of the purported terms was rejected by the Court.  Doc. 5 at 4.  Moreover, contrary to his suggestion, paragraph 10 of the PSR only provided for the downward adjustment to compensate for time served on the related sentence, and for the sentence to run concurrent with the remaining, the undischarged term of imprisonment in the related case.  Crim. Doc. 80-1 at 6 ¶ 10.  Neither party objected that the sentence the Court imposed was not consistent with the parties' agreement.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED** with prejudice.  *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

SIGNED January 12, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE